STATE OF OREGON, *Appellant,*
*v.*
GLENN FREDERICK KOENNECKE,
*Respondent.*
(No. 96670, CA 12250)

595 P2d 489

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Dwight L. Schwab, Portland, argued the cause for respondent. With him on the brief were Schwab, Burdick & Hilton, and James C. Niedermeyer, Portland.

Before Schwab, Chief Judge, and Tanzer, Richardson, and Roberts, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

The state appeals an order dismissing the indictment brought against defendant on the ground of lack of speedy trial.

This case has not been tried and this is the third appeal involving the case to come before this court. *See State v. Koennecke*, 22 Or App 89, 537 P2d 1160 (1975); *reversed and remanded, State v. Koennecke*, 274 Or 169, 545 P2d 127 (1976); *State v. Koennecke*, 29 Or App 637, 565 P2d 376, *rev den* 280 Or 171 (1977). The facts of the case and its procedural history are set out in the three opinions cited above and will not be repeated.

Upon remand following the last appeal, the case was scheduled for trial. It was reset at defendant's request and then subsequently rescheduled at the state's request. Defendant then moved for dismissal on two grounds: first, that he had been denied a right to a speedy trial; and second, that evidence favorable to his defense had been destroyed by the state. The court dismissed the indictment on the first ground.

In a previous opinion involving this case (29 Or App 637), we held that defendant had not been deprived of his right to a speedy trial. We conclude that since remand of this case there has been little, other than additional passage of time, which would entitle defendant to a dismissal. We therefore reverse and remand for trial.

Defendant argues that if it is determined the dismissal should be reversed, we should consider his alternative ground for dismissal based on the destroyed evidence. This issue involves the same evidence which was the basis of the motion for dismissal reviewed in the prior case (29 Or App 637). Defendant, in the proceeding which is the basis of this appeal, offered additional evidence which he argues shows the sought for evidence would be favorable to his defense. During oral argument before this court, counsel for defendant stated the additional evidence was not

offered at the prior hearing on the motion to dismiss because he did not want to reveal part of his defense to the state.

Where defendant had a full opportunity in the prior hearing to litigate the issue regarding this evidence, and for tactical reasons did not put on the evidence, he is foreclosed from relitigating that issue on evidence that was available at the prior hearing.

Reversed and remanded for trial.